UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JANE SENDALL PETERS,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

,_____/

Case No. 1:26-cv-1030

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current detention following a June 20, 2025, order issued by the Detroit Immigration Court denying her bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk. (Pet., ECF No. 1, PageID.19.)

In an order entered on March 31, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on April 3, 2026, (ECF No. 4), and Petitioner filed her reply on April 6, 2026, (ECF No. 5).

## II.  Relevant Factual Background

Petitioner is a native and citizen of the United Kingdom who lawfully entered the United States in 1994. (Pet., ECF No. 1, PageID.10.) Petitioner remained beyond the period of time authorized by her O-1 nonimmigrant visa. (*Id.*) In 1998, she filed an immigrant application as an individual of exceptional ability seeking a national interest waiver. (*Id.*) The application was denied and the appeal denied in 2002. (*Id.*)

On May 3, 2025, Petitioner was detained and arrested by ICE. (*Id.*, PageID.10.) On that same day, Respondents served Petitioner a Notice to Appear (NTA), charging Petitioner with inadmissibility under "[§] 237(a)(1)(B) of the Immigration and Nationality Act (INA), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States." (NTA, ECF No. 4-1, PageID.82.) The NTA does not allege that Petitioner is an arriving alien. (*Id.*)

Next, Petitioner sought adjustment of status under the Immigration and Nationality Act (INA) pursuant to § 245(i).[1] (Pet., ECF No. 1, PageID.10.) On June 20, 2025, an Immigration Judge denied Petitioner's request for a custody redetermination. The Order of the Immigration Judge stated:

> Denied because: **The Respondent has not shown she is not a flight risk.** She has been in the United States since the 1990's and despite prior applications being

---

[1] Section 245(i) of the INA is a provision in U.S. immigration law that allows certain individuals—including those who entered without inspection, overstayed their visas, or worked without authorization—to apply for lawful permanent resident status (a green card) from within the United States, rather than having to leave and apply through a U.S. consulate abroad. Section 245(i) of the Immigration and Nationality Act (INA), as amended by the Legal Immigration Family Equity (LIFE) Act and LIFE Act Amendments of 2000 (Pub. L. 106-553 and -554).

denied many years ago, she never departed the United States. She has been here unlawfully for many years. She believes she may be eligible to get status through a 245(i) but it is not clear why her prior application was denied and she has not shown she is eligible for this relief. As her relief appears very speculative, there appears to be little incentive for her to show up for future hearings. And her failure to respect US immigration laws in the past does not support that she will honor a removal order in the future if she is released.

(Order Immigration Judge, ECF No. 4-4, PageID.93 (emphasis added).)

On July 24, 2025, the Immigration Judge denied Petitioner's § 245(i) application and ordered Petitioner removed to the United Kingdom. (Order Immigration Judge, ECF No. 1-2, PageID.26–28.) Petitioner appealed that decision to the Board of Immigration Appeals (BIA) on July 29, 2025, where the appeal remains pending. (Pet., ECF No. 1, PageID.10.)

Also on July 24, 2025, Petitioner appeared for a custody redetermination hearing. (Order Immigration Judge, ECF No. 4-6, PageID.100.) The Immigration Judge denied bond. (*Id*.) In the Order, the Immigration Judge stated:

> After full consideration of the evidence presented, the [R]espondent's request for a change in custody status is hereby ordered:
>
> Denied, because: I issued a separate and more detailed decision today finding that the Respondent is not eligible to be grandfathered in under 245(i). If my decision is remanded, I will reconsider the bond.
>
> After reviewing the brief and looking into the issue, I am finding that she does not have any pathway to status at this time. I have ordered her removed and reserved [her] appeal on that decision and this bond decision. **As she has not shown any legal way to stay in the United States, I am denying bond and finding that she is a flight risk**.

(*Id*. (emphasis added).)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina*

*v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    May 1, 2026                              /s/ Jane M. Beckering
                                                            Jane M. Beckering
                                                            United States District Judge

4